UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00074-MR

| | |
|---|---|
| MATTHEW BUDNEY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> FNU WRIGHT, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on its review of the docket in this matter.

On March 11, 2022, pro se Petitioner Matthew Budney ("Petitioner") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1]. At the time he filed the petition, Petitioner was incarcerated at Sampson Correctional Institution in Clinton, North Carolina. [See Doc. 1-3]. On April 27, 2022, Petitioner filed a Notice of Change of Address advising the Court he had been transferred to Pender Correctional Institution ("Pender CI") in Burgaw, North Carolina. [Doc. 5]. On July 22, 2022, Petitioner notified the Court that he had been released from Pender CI, but that he had since been detained at the Pender County Jail. [Doc. 13]. On August 19, 2022, a Pender County Jail staff member

informed the Clerk's Office that Petitioner had been released from custody on August 18, 2022. [8/19/2022 (Court only) Docket Entry]. Petitioner, however, has not notified the Court of his current address.

Petitioners have a general duty to prosecute their cases. In this regard, a pro se petitioner must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se petitioner has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Petitioner fourteen (14) days in which to notify the Court of his updated address.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner has fourteen (14) days from this Order to notify the Court of his new address. Petitioner's failure to timely notify the Court will result of dismissal of this action without prejudice

2

and without further notice to Petitioner.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge